## AMERICAN EXPRESS CO. v. UNITED STATES

**No. 6037.**—Invoices dated La Guaira, Venezuela, May 14, 1941.
Certified May 14, 1941.
Entered at New York, N. Y., May 22, 1941.
Entry Nos. 764057 and 764058.

(Decided June 27, 1944)

*Eugene R. Pickrell* (*Eugene R. Pickrell, Lawrence A. Harper,* and *Joseph B. Brady* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*William J. Vitale, Samuel D. Spector,* and *Julius G. Paider, Jr.,* special attorneys), for the defendant.

EKWALL, Judge: These are appeals to reappraisement from findings of value on certain orchid plants known botanically as *Cattleya Mossiae* exported from Venezuela during May 1941. They were entered at a value of $.15 per plant plus charges, apparently upon the basis of foreign value as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938. They were appraised at $1.92 per plant, net, packed, on what both litigants seem to agree to be export value, although I find no evidence in the record to that effect. However, I shall accept the statements of counsel on that point.

The cases were tried separately but it was agreed that the witnesses who testified in Reappraisement No. 142836–A would give the same testimony if called in Reappraisement No. 143185–A with the exception of the number of plants involved.

It is claimed on behalf of the importer that the entered value in each case is the correct dutiable value and that such value represents the price paid by the importer in the interior of Venezuela where the plants were collected, plus cost of packing, and transportation to the seaport. It is alternatively claimed on the part of the importer that if there be an export value such value is the same as the entered value herein. At the hearing testimony was also directed towards showing United States value and also the cost of production. However neither of these values was discussed in importer's brief and apparently is not relied on.

From the testimony of the importer, the only witness produced on behalf of the plaintiff herein, it appears that said importer, Mr. Harry

J. Rapella, is an orchid grower and collector and that he purchased these plants from natives in the interior of Venezuela and paid only 10 cents a plant. This witness further testified that the plant consists of long leaves known as the bulb leaves and short stems, known as bulbs; that plants similar to the ones in suit were freely offered for sale in Caracas, Venezuela, at the time of exportation of this shipment to all purchasers at prices ranging from 2 to 4 cents a bulb, and that a plant averaged 10 bulbs, making the freely offered price at Caracas from 20 to 40 cents a plant. The witness also stated that plants such as the involved merchandise were not freely offered for sale in Venezuela for export to the United States but were freely offered for sale in that country. According to his testimony the instant merchandise was of poor quality, and many of the plants had been stung by the Cattleya fly, an insect that stings the new eyes and new growth as a result of which the growth is deformed. In contrast to this the plants sold in Venezuela for exportation to the United States are largely free of defects, such as bruises, the leaves and bulbs are large and healthy, the plants are large and very little Cattleya fly destruction is found in such selected stock.

Although this witness referred to offerings and sales in Caracas, there is no evidence as to the location of the principal market. On the question of the usual course of trade he stated that some people buy the plants direct from the natives in the interior, while others buy from collectors such as himself who bring the plants into the seaport towns.

The Government witness, the examiner of this merchandise, testified that he had about ten similar shipments during 1941, that the plants here involved averaged 10 bulb leaves; that he had examined numerous importations of orchid plants prior to 1941 and that the shipment in question was of good quality and similar to other orchid plants entered at New York; that he had spoken to people who grew and imported orchid plants and had compared various plants in order to determine their quality and similarity.

From this evidence I find that the importer has failed to sustain his burden of proof; there is no evidence as to the location of the principal market, nor does the record disclose the usual wholesale quantities in which such or similar plants were freely offered for sale to all purchasers. It has been held on numerous occasions that the plaintiff must establish every essential element necessary to enable the court to make an appraisement. *Meadows Wye & Co. (Inc.) et al. v. United States*, 17 C. C. P. A. (Customs) 36, T. D. 43324; *United States v. T. D. Downing Co.*, 20 C. C. P. A. (Customs) 251, T. D. 46057; *United States v. Gane & Ingram*, 24 C. C. P. A. (Customs) 1, T. D. 48264.

I therefore find that the appeals should be and the same are hereby dismissed.

Judgment will be rendered accordingly.